UNITED STATES, PLAINTIFF *v.* HITACHI AMERICA, LTD. AND HITACHI, LTD., DEFENDANTS

Court No. 93–06–00373

(Dated February 1, 1996)

*Frank W. Hunger,* Assistant Attorney General; *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, Department of Justice, *(Cynthia B. Schultz, James W. Poirier, Lesleyanne Kessler)* for plaintiff.
*Weil, Gotshal, & Manges (Lawrence E. Elder)* for defendant Hitachi America, Ltd.
*Kirkland & Ellis (David G. Norrell, Eugene F. Assaf, Paul F. Brinkman, William A. Streff)* for defendant Hitachi, Ltd.

OPINION

MUSGRAVE, *Judge:* Plaintiff, the U.S. Government, has moved to have this Court require the corporate defendants, Hitachi America, Ltd. and Hitachi, Ltd. (Japan), to present, at open trial, certain officers and employees, past and present, of the defendant corporations, asserting that the live testimony of such witnesses is essential to the proper evaluation of the case by the trier of fact. Plaintiff further requests that the *situs* of the trial be moved from New York City to Honolulu, Hawaii, purportedly to lessen the burden of time and expense on defendants' compliance.

Defendants contest the motion to present their officers and other representatives, and make much of the fact that this Court has no power to enforce the service of subpoenas on foreign citizens in foreign countries. But, as plaintiff points out, this argument misses the point: the Court

has not been asked to issue subpoenas. What is sought is that the Court order the corporate defendants, over whom it unquestionably has jurisdiction, to produce certain witnesses. Despite the distances and expenses involved, the Court feels that this demand is not unreasonable, and, accordingly, directs defendants to present the witnesses demanded by plaintiff. Finally, the Court is impelled to give the defendants fair warning that a failure to produce the witnesses may very well result in a negative inference by the Court that such refusal reflects a concern that the live testimony of such witnesses would be detrimental to the defendants' case.[1] Conversely, the Court is aware that discovery in this case has been extensive, and is also aware that plaintiff has taken voluminous testimony of most, if not all, of the demanded witnesses; thus, any inference attaching to the failure of the witnesses to appear may be attenuated, diluted, or disposed of by presentation of such deposition testimony.

While the Court is aware of the burden which is placed upon defendants by this order, the case before it is not of inconsequential magnitude, and while the Court has urged—and continues to urge—the parties to reach a negotiated settlement, in the absence of such a development, fairness to both parties requires as complete a presentation of and assessment of the facts pertaining to the controversy as is possible.

---

[1] *See, e.g., Dow Chemical Co. v. S. S. Giovanella D'Amico,* 297 F. Supp. 699, 701 (S.D.N.Y. 1969) ("[W]here a witness is under the control of a party and could testify, if called, to material facts, the failure to call that witness can give rise to the strongest inference against that party which the opposing evidence permits. This is particularly true where the testimony would be important and where it can be inferred that the witness would ordinarily tend to be favorable to that party.")